## PRUDENTIAL INS. CO. v. SIDNEY J. SIMMONS.

INDEFINITE PLEADING AS TO WHO OWES THE CLAIM SUED ON.

In an action to recover a balance claimed to be due on a policy of life insurance, it is necessary that the petition contain an allegation as to who owes the claim sued on.

HEARD ON ERROR to the Hamilton Common Pleas Court.

The suit was for recovery from the plaintiff in error of a balance of $270, claimed to be due on a policy on the life of the defendant in error's son, the allegation being that the company sent by check to its agent, J. A. Streng, $590 in full payment of the policy, but the said Streng, or the defendant, or some one or more of its agents, kept and refused to pay over the balance, for which this suit was brought.

SWING, J.

The demurrer should have been sustained to the amended petition for the reason that no cause of action is stated against the Insurance Company.

There is no cause of action stated on the insurance policies. Nor is there any statement that there was a settlement between the parties, and an account agreed upon in the settlement of any claim or claims. There is a statement about a check, but there is no allegation that it ever became the property of Mrs. Simmons, and that the company converted it to its own use. Finally there is an allegation that Streng, the defendant, or some other person, the agent of the company, owes her the amount claimed in the petition. This is not an allegation that any one in particular owes plaintiff anything. An allegation that A, B or C owe anything is not an allegation that either owes anything.

The demurrer should have been sustained. For failure to do so the judgment should be reversed and the cause remanded for further proceedings.

*Thomas L. Michie,* for plaintiff in error.

*A. C. Shattuck,* for the company.